**RESOLUTION TRUST CORPORATION, as conservator for Savers Savings Association, a federal savings and loan association, Plaintiff,**

v.

**SLR OF MAITLAND CENTER LIMITED PARTNERSHIP, a Florida limited partnership, et al., Defendants.**

**No. 90–728–CIV–ORL–22.**

United States District Court, M.D. Florida, Orlando Division.

Jan. 13, 1993.

---

Jose I. Astigarraga and Guy E. Motzer, Steel, Hector & Davis, Miami, FL, for plaintiff.

SLR of Maitland Center Ltd. Partnership, et al., pro se.

## ORDER AND MEMORANDUM OPINION

CONWAY, District Judge.

This cause is before the Court following the trial of this action on October 5, 1992. The Court has received and reviewed the written closing arguments submitted by the parties.

This is an action to enforce a written guaranty. On May 29, 1984, Commons of Maitland Center, Inc. executed and delivered to Savers Federal a promissory note in the principal sum of Two Million Five Hundred Thousand Dollars ($2,500,000.00), together with a mortgage and security agreement securing the Note. Fee simple title to the real property that was the subject of the mortgage was transferred by Commons of Maitland Center, Inc. on April 25, 1985 to SLR of Maitland Center Limited Partnership ("SLR"). The purchase price of the property was $1,800,000.00. On April 26, 1985, SLR executed and delivered to Savers Federal a promissory note in the principal sum of One Million Six Hundred Thousand Dollars ($1,600,000.00), which replaced the first note. The Defendants Robert C. Rohdie, Alan H. Ginsberg, Ivan Scharer and Benjamin S. Lechtman executed and delivered to Savers Federal a guaranty. That guaranty is sought to be enforced in this action.

The Note, Mortgage and Guaranty are now owned by the Resolution Trust Corporation as Receiver of Savers Savings Association, a federal savings and loan associa-

tion. The claim against SLR has been reduced to judgment. On October 30, 1991, judgment in favor of RTC was entered against SLR in the amount of $2,118,958.90 plus statutory interest and costs subsequently incurred.

The Guaranty limits the liability of the Guarantors as follows:

> ... provided, however, Guarantor's joint and several liability to pay the Guaranteed Indebtedness is hereby limited to Fifty percent (50%) of the Guaranteed Indebtedness outstanding at the time of default by Borrower plus accrued interest and all costs and expenses of foreclosure or collection as authorized by the Note and Supplement and amendment to Mortgage.

The term "Guaranteed Indebtedness" is defined as:

> ... all sums stated to be payable under the terms of the Note, Security Instruments and Loan Agreement, including, without limitation, each and every installment of principal and/or interest under said Note, and all other indebtedness secured by the Security Instrument.

The Guaranteed Indebtedness outstanding at the time of default was $2,149,794.68. Thus, Guarantor Defendants' liability is limited to $1,059,477.45, plus interest, costs and expenses.

Defendants contend that the fair market value of the property must be credited against the 50% figure to determine the judgment amount. This argument is inconsistent with the express terms of the agreement quoted above. The Guaranty also provides, in pertinent part, "(e) The Guarantors waive any right to require Lender to (i) proceed against the Borrower, (ii) *proceed against or exhaust any security held by Lender for the payment of the Guaranteed Indebtedness,* or (iii) pursue any other remedy that Lender has or to which it may be entitled."

The only factual issue which must be decided before the judgment amount can be determined is the issue of the Fair Market Value of the property. Both RTC and the Guarantors introduced expert testimony. RTC's expert, Robert Beaumont of Beau-mont Appraisal Group, Inc., testified that, in his opinion, the fair market value of the property on February 5, 1992 was $875,000.00 (See Plaintiff's Ex. 2). Defendants' expert was J. Richard Tuck, Jr. of Tuck & Associates, Inc., who valued the property at $1,500,000.00. (See Defendants' Ex. 1). Ms. Beaumont had previously valued the property on April 25, 1991 at $860,000.00. (Defendants' Ex. 2). This first appraisal (Defendants' Ex. 2) was done for "internal decision making by the RTC" rather than for this litigation.

The Court, having reviewed the three appraisals submitted and having heard the expert testimony of Mr. Beaumont and Mr. Tuck, is of the opinion that the fair market value of the property on February 5, 1992 was $1,108,200.00. This figure was arrived at by multiplying the total usable building area (14,776 square feet) by the value used by Defendant Guarantors' expert of $75 square foot.

It is, therefore, ORDERED that the Clerk is to enter judgment in favor of the Plaintiff, Resolution Trust Corporation as Receiver of Savers Savings Association, and against Defendants Robert C. Rohdie, Alan H. Ginsberg, Ivan Scharer and Benjamin S. Lechtman jointly and severally, in the amount of:

1) $1,041,594.68 remaining on the indebtedness,

2) Attorney's Fees of $35,479.90,

3) Costs and Expenses $7,731.15,

for a total of $1,084,805.73.

DONE AND ORDERED.